444875 P

2005 NOV 14  PM 2: 19

**MUNLEY, MUNLEY & CARTWRIGHT, P.C.**
69 Public Square, Ste. 1200
Wilkes Barre, PA 18701
570-824-5599

| | |
|---|---|
| CAROL NOVAJOSKY, AND<br>MICHAEL N. NOVAJOSKY,<br>her husband,<br>　　　　Plaintiffs<br><br>vs.<br><br>SCHNEIDER NATIONAL, INC.,<br>SCHNEIDER NATIONAL CARRIERS,<br>INC., and PAUL ROZON,<br>　　　　Defendants | IN THE COURT OF COMMON PLEAS<br>OF LUZERNE COUNTY<br><br>JURY TRIAL DEMANDED<br><br>CIVIL ACTION - LAW<br><br><br><br>No. 6265-05 |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within 20 days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Legal Services of Northeastern Pa.
410 Bicentennial Bldg.
15 Public Square
Wilkes-Barre, PA  18701
(570) 825-5367
    OR
21 North Church Street
Hazleton, PA 18201
(570) 455-9511

2005 NOV 14  PM 2: 19

**MUNLEY, MUNLEY & CARTWRIGHT, P.C.**
69 Public Square, Ste. 1200
Wilkes Barre, PA 18701
570-824-5599

| | |
|---|---|
| CAROL NOVAJOSKY, AND<br>MICHAEL N. NOVAJOSKY,<br>her husband,<br>　　　　Plaintiffs<br><br>vs.<br><br>SCHNEIDER NATIONAL, INC.,<br>SCHNEIDER NATIONAL CARRIERS,<br>INC., and PAUL ROZON,<br>　　　　Defendants | IN THE COURT OF COMMON PLEAS<br>OF LUZERNE COUNTY<br><br>JURY TRIAL DEMANDED<br><br>CIVIL ACTION - LAW<br><br><br><br>No. 6265-05 |

## COMPLAINT

NOW come Plaintiff, Carol Novajosky and Michael T. Novajosky, her husband, by and through her undersigned counsel, Munley, Munley & Cartwright, P.C. and aver as follows:

1. Plaintiff Carol Novajosky is a competent adult individual with an address at RD #3, Box 263-5, Dallas, Pennsylvania 18612.

2. Plaintiff Michael T. Novajosky is the husband of Plaintiff Carol Novajosky, and is a competent adult individual with an address at RD #3, Box 263-5, Dallas, Pennsylvania 18612.

3. Defendant Paul Rozon is, on information and belief, a competent adult

individual with an address at 140 Rue Henriette, Chateau Guay, Quebec J6J6B2.

4. Defendant Schneider National Carriers, Inc. is a corporation doing systematic and continuous business in the Commonwealth of Pennsylvania, with an address at 20th Street and Center, Ottawa, Illinois 61350.

5. Defendant Schneider National, Inc. is a corporation doing systematic and continuous business in the Commonwealth of Pennsylvania, with an address at 20th Street and Center, Ottawa, Illinois 61350.

6. Defendants, Schneider National, Inc. and Schneider National Carriers, Inc., as collectively referred to as "Schneider" herein.

7. On or about September 17, 2003, at approximately 7:54 p.m., Plaintiff Michael T. Novajosky was operating a 2002 GMC Envoy with a Pennsylvania Registration of EPB3989 northbound in the right lane of Interstate 89 near the city of Berlin, Vermont.

8. At the above-stated place and time, Defendant Paul Rozon was operating a tractor-trailer rig with a 2000 International tractor with a Illnois Registration P350552, owned by Schneider, also northbound, but in the left (passing) lane of Interstate 89.

9. Suddenly, and without warning, Defendant Rozon came directly over into the right lane and hit the GMC Envoy in which the Plaintiffs were riding, in the right-hand lane of northbound Interstate 89.

10. As a result of the above-stated impact, the Plaintiffs' vehicle spun around and came again into contact with the Defendants' tractor-trailer, smashing the back window of the Envoy, which then spun around a second time, again, coming into contact with the tractor-trailer, after which the Plaintiffs' Envoy was pushed into a culvert off to the right side of the northbound lanes of Interstate 89.

11. As a result of the above-stated collision, Plaintiff Carol Novajosky immediately suffered chest wall pain and discomfort in the inner aspect of both upper arms and some mid back pain; she has subsequently been diagnosed with costochondritis, chest contusion, contusions on the stomach, knees and arms, and shock to her nerves and nervous system, some or all of which may be permanent in nature.

12. As a result of the above-stated collision and injuries sustained, Plaintiff Carol Novajosky has been forced to endure pain and suffering, a loss of the pleasures of life, embarrassment and humiliation, inability to go about her normal routines and occupations, and mental anguish and anxiety, some or all of which may be permanent in nature.

13. As a result of the above-stated collision and injuries sustained, Plaintiff Carol Novajosky has been forced to expend various and substantial sums of money in

endeavoring to cure herself of such injuries.

## COUNT ONE

Plaintiff Carol Novajosky v. Defendant Paul Rozon

Negligence

14. Paragraphs 1-13 above are incorporated herein by reference as if fully set forth here at length.

15. Defendant Paul Rozon owed a duty of care to Plaintiff Carol Novajosky.

16. Defendant Paul Rozon breached the above-stated duty of care in the following:

    a. Failure to keep a proper lookout;

    b. Failure to properly control his vehicle;

    c. Failure to take proper and evasive action;

    d. Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

    e. Failure to remain attentive and to maintain a sharp lookout of the roadway and the traffic thereon;

    f. Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of

Vermont law;

g. Failure to obey the rules of the road, the statutes of the State of Vermont and the ordinances of the Town of Berlin in and about operating his vehicle on the highways and roadways of the State of Vermont ;

h. Failure to operate, maintain, inspect and repair his vehicle in accord with the applicable Federal Motor Carrier Safety Regulations and Vermont statutes and regulations;

i. Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

j. Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Act;

k. Failing to slow or bring his vehicle to a stop to avoid the impact with the Plaintiffs' vehicle;

l. Failing to document his travel log as required by law;

m. Failing to observe proper rest and driving intervals as required by law;

n. Failing to maintain a proper driver's log and observe driver rest

requirements.

17. As a result of the above-stated acts and omissions constituting negligence, recklessness and/or wanton and/or willful misconduct, Plaintiff Carol Novajosky has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff Carol Novajosky demands judgment in her favor and against Defendant Paul Rozon in an amount in excess of $50,000.00 plus delay damages, costs and such other relief as this Court deems appropriate.

## COUNT TWO

Plaintiff Carol Novajosky v. Defendants Schneider

Negligence

18. Paragraphs 1-17 above are incorporated herein by reference as if fully set forth here at length.

19. Defendants Schneider owed a duty of care to Plaintiff Carol Novajosky.

20. Defendants Schneider breached the above-stated duty of care in the following:

    a.    Through the acts and/or omissions of the Defendant Paul Rozon, who at all times relevant hereto was acting as the agent, servant, workman and/or employee of Defendants Schneider and was in the

course and scope of such agency, service, work and/or employ at the time of the collision in this case;

b. Negligently entrusting Paul Rozon with its vehicle when it knew or should have known that Paul Rozon lacked sufficient skill, judgment and prudence in the operation of a tractor trailer;

c. Failing to adequately instruct Paul Rozon in the safe operation of the tractor trailer prior to entrusting him with it;

d. Failing to prevent Paul Rozon from operating the tractor trailer until he had sufficient ability to operate the motor vehicle safely;

e. Failing to adequately ascertain that Paul Rozon lacked the ability necessary to safely operate the tractor trailer under the circumstances;

f. Failure to provide Paul Rozon with the equipment necessary to safely operate a tractor trailer;

g. Failure to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and Vermont statutes and regulations;

h. Operating its vehicle in violation of the rules and regulations of the

    Federal Motor Carrier Safety Regulations;

i. Operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Act;

j. Failure to properly conduct a background check of the driving record of Paul Rozon;

k. Failure to properly supervise Defendant Paul Rozon in the operation of its tractor-trailer;

l. Failure to operate, inspect, maintain and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations and Vermont statutes and regulations.

21. As a result of the above-stated acts and omissions constituting negligence, recklessness and/or wanton and/or willful misconduct, Plaintiff Carol Novajosky has suffered such harm as has been previously stated herein.

WHEREFORE, Plaintiff Carol Novajosky demands judgment in her favor and against Defendants Schneider in an amount in excess of $50,000.00 plus delay damages, costs and such other relief as this Court deems appropriate.

## COUNT THREE

Plaintiff Michael T. Novajosky v. Defendant Paul Rozon

Loss of Consortium

22. Paragraphs 1-21 above are incorporated herein by reference as if fully set forth here at length.

23. Due to the above stated injuries and losses sustained by Plaintiff Carol Novajosky, her husband, Michael T. Novajosky has sustained a loss of the society, services, comfort and support of his wife, Carol Novajosky, which will/may be permanent in nature.

WHEREFORE, Plaintiff, Michael T. Novajosky, demands judgment in his favor and against Defendant, Paul Rozon, in an amount in excess of $50,000.00 plus delay damages, costs and such other relief as this Court deems appropriate.

## COUNT FOUR

Plaintiff Michael T. Novajosky v. Defendants Schneider

Loss of Consortium

24. Paragraphs 1-23 above are incorporated herein by reference as if fully set forth here at length.

25. Due to the above stated injuries and losses sustained by Plaintiff Carol Novajosky, her husband, Michael T. Novajosky has sustained a loss of the society, services, comfort and support of his wife, Carol Novajosky, which will/may be permanent in nature.

WHEREFORE, Plaintiff, Michael T. Novajosky, demands judgment in his favor and against Defendants Schneider in an amount in excess of $50,000.00 plus delay damages, costs and such other relief as this Court deems appropriate.

## COUNT FIVE

Carol Novajosky v. Paul Rozon

Punitive Damages

26. Paragraphs 1-25 above are incorporated herein by reference as if fully set forth here at length.

27. The aforementioned conduct of Defendant Paul Rozon was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff Carol Novajosky. Defendant Paul Rozon knew or should have known that operating a tractor trailer at an excessive rate of speed and without paying attention to the roadway before him would result in serious injury to others driving on the roadway. Nevertheless, Defendant failed to keep a proper lookout; failed to

properly control his vehicle; failed to take proper and evasive action; failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to maintain a sharp lookout of the roadway and the traffic thereon; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of Vermont law; failed to obey the rules of the road, the statutes of the State of Vermont and the ordinances of the Town of Berlin in and about operating his vehicle on the highways and roadways of the State of Vermont; failed to operate, maintain, inspect and repair his vehicle in accord with the applicable Federal Motor Carrier Safety Regulations and Vermont statutes and regulations; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Act; failed to slow or bring his vehicle to a stop to avoid the impact with the Plaintiffs' vehicles; failed to document his travel log as required by law; failed to observe proper rest and driving intervals as required by law and failed to maintain a proper driver's log and observe driver rest requirements. All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff Carol Novajosky. As a result, Plaintiff is seeking an award of punitive damages against Defendant Paul Rozon.

WHEREFORE, Plaintiff Carol Novajosky demands judgment against Defendant Paul Rozon in an amount in excess of $50,000.00 plus interest and costs.

### COUNT SIX

Plaintiff Carol Novajosky v. Defendants Schneider

Punitive Damages

28. Paragraphs 1-27 above are incorporated herein by reference as if fully set forth here at length.

29. The aforementioned conduct of Defendants Schneider by and through its agents, servants, workmen, contractors and/or employees was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff Carol Novajosky. Schneider knew or should have known that permitting Paul Rozon to operate its tractor trailer when he was unable to do so properly would result in serious injury to others driving on the roadway. Nevertheless, Defendants entrusted Paul Rozon with the vehicle of which Schneider was the carrier when it knew or should have known that Paul Rozon lacked sufficient skill, judgment and prudence in the operation of a tractor trailer; failed to adequately instruct Paul Rozon in the safe operation of the tractor trailer prior to entrusting him with the tractor trailer of which Schneider was the carrier; failed to prevent Paul Rozon from operating the tractor

trailer of which Schneider was the carrier until he had sufficient ability to operate the motor vehicle safely; failed to adequately ascertain that Paul Rozon lacked the ability necessary to safely operate the tractor trailer of which Schneider was the carrier under the circumstances; failed to provide Paul Rozon with the equipment necessary to safely operate a tractor trailer; failed to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and Vermont statutes and regulations; operated its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; operated its vehicle in violation of the rules and regulations of the Federal Motor Carrier Act; failed to provide Paul Rozon with proper training necessary to drive a tractor-trailer; failed to conduct a background check of the driving record of Paul Rozon; failed to properly supervise Defendant Paul Rozon in the operation of its tractor-trailer and failed to operate, inspect, maintain and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations and Vermont statutes and regulations. All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff Carol Novajosky. As a result, Plaintiff is seeking an award of punitive damages against Schneider.

WHEREFORE, Plaintiff Carol Novajosky demands judgment against Schneider

in an amount in excess of $50,000.00 plus interest and costs.

**MUNLEY, MUNLEY & CARTWRIGHT, P.C.**

By: *[signature]*
MATTHEW A. CARTWRIGHT
Attorneys for Plaintiffs

Luzerne National Bank Building, 12th Floor
69 Public Square
Wilkes-Barre, PA 18701
Phone:   (570) 824-5599
Fax:     (570) 824-2411
Email:   mattc@munley.com
PA46871

```
                Wed Dec 14 11:52:23 2005

                UNITED STATES DISTRICT COURT
                  SCRANTON        , PA
                Receipt No.   333 104417
                Cashier              tanya

                Check Number:  111955

                D0 Code      Div No
                 4667          3

                Sub Acct  Type  Tender
                1:510000   N      2       Amount
                2:086900   N      2       190.00
                3:322360   N      2        60.00
                4:510000   N      2         5.00
                                           4.00
                Total Amount       $     259.00

                RAWLE & HENDERSON 1 SOUTH PENN SQ. P
                HILA., PA 19107

                    NEW CASE FILING FEE NOVAJOSKY V. SCH
                NEIDER
```

## VERIFICATION

I hereby depose and state that I am attorney for the Plaintiff in the above-captioned action, that I am authorized to make this Verification on behalf of Plaintiff, and that the factual statements in the foregoing **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that this statement is made subject to the penalties of 18 Pa.C.S. Sec. 4904, relating to unsworn falsification to authorities.

MATTHEW A. CARTWRIGHT